**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bobby S. Thompson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, et al.,<br><br>　　　　　Defendants. | No. CV-16-03902-PHX-JAT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

On November 7, 2016, Plaintiff filed a pro se civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. After finding that the Complaint failed to state a claim, the Court dismissed it with leave to amend. (Doc. 9). On March 6, 2017, Plaintiff filed a three-count First Amended Complaint (Doc. 11). The Court dismissed Count One and part of Count Two. (Doc. 20 at 6-10). The Court ordered two named detention officers to answer Count Three. (*Id.* at 10).

In a separate Order, the undersigned granted Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. 26). The Second Amended Complaint adds Maricopa County as a Defendant and amends the alleged federal civil rights violations in Counts One and Three. (Doc. 27 at 2-3, 8). The Second Amended Complaint also amends the request for relief; Plaintiff now seeks $50,000 in compensatory damages against each Defendant "jointly and severally." (*Id.* at 10). The undersigned has screened the Second

Amended Complaint (Doc. 27) pursuant to 28 U.S.C. § 1915(A). As the undersigned's determination is dispositive of one of Plaintiff's claims, the undersigned makes the following Report and Recommendation pursuant to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1)(B) and (C).

## I. LEGAL STANDARDS

### A. Screening the Second Amended Complaint (Doc. 27)

The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints as well as complaints initially filed in an action. The Prison Litigation Reform Act, 42 U.S.C. § 1997e (c)(1), requires the Court to dismiss all allegations that fail to state a claim upon which relief may be granted. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). The Court must dismiss a complaint or portion thereof that is legally frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(A)(b)(1), (2).

In reviewing Plaintiff's Second Amended Complaint, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296-98 (9th Cir. 1998). A claim for relief must be plausible on its face to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679.

Finally, a second amended complaint supersedes a first amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Any cause of action that was raised in the first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *See Lacey*

*v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *Ferdik*, 963 F.2d at 1262 ("after amendment the original pleading no longer performs any function and is treated thereafter as non-existent") (internal quotation marks and citation omitted).

**B. Stating a Claim under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege *facts* supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). With respect to each defendant named in a particular count, a "plaintiff must allege facts, *not simply conclusions*, that show that [the] individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir.1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

In addition, "[t]here is no respondeat superior liability under § 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989); *see also Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *See Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (citation and internal quotation marks omitted); *Rizzo v. Goode,* 423 U.S. 362, 371 (1976) (absent a positive act on behalf of the supervisor, the plaintiff must show an "affirmative link" between the supervisor's acts and the alleged constitutional violation).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," or by "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to

inflict a constitutional injury." *Starr v. Baca,* 652 F.3d 1202, 1207-08 (9th Cir. 2011); *see also Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991) ("Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others."). "[W]here the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." *Hydrick v. Hunter,* 669 F.3d 937, 941 (9th Cir. 2012) (internal citation and quotations omitted).

### C. Claims Against a Municipality

In moving to file a Second Amended Complaint, Plaintiff states that he has "determined that Maricopa County should be added as a defendant." (Doc. 26 at 1).

A municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A Section 1983 claim against a municipal defendant contains the following elements: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110 (9th Cir. 2001); *see also Edgerly v. City and County of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010). A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights

under the Eighth Amendment, however, we apply the same standards.").

## II. ANALYSIS

### A. Count One

In Count One of the original Complaint, Plaintiff alleged that the conditions of confinement in the Maricopa County Jail violated Plaintiff's Eighth and Fourteenth Amendment rights. (Doc. 11 at 3-4). The Court found that "[l]iberally construed, Plaintiff asserts facts to support that his conditions may have risen to an unconstitutional level." (Doc. 20 at 6). However, the Court explained that "Plaintiff fails to allege facts to support that any properly named Defendant acted with deliberate indifference to his conditions." The Court dismissed Count One for failure to state a claim. (*Id.*).

Count One of the Second Amended Complaint reasserts the allegations regarding the conditions of confinement in the Maricopa County Jail. (Doc. 27 at 3-4). Plaintiff states that he

> was housed in a cell with three other inmates that was built for one. There were two bunk beds stuffed into a 5 ft by 7 ft room. In the morning we were served two pieces of bread one 2 ounce pack of peanut butter one orange and a six ounce 2% milk and no lunch. Afternoons we were given a stew like substance served from a 6 ounce serving spoon . . . one 6 ounce cup of instant juice and a small package of single serving ginger snap cookies. . . . There were 112 inmates housed in an area approximately 45 ft by 50 ft with two showers 2 urinals and 2 toilets not nearly enough for 112 inmates.

(*Id.* at 3).

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (quoting *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)). An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time. *LeMaire*, 12 F.3d at 1456. Here, Plaintiff asserts the following:

> I weighed 260 lbs when I was booked into Maricopa County Jail, 194 days later after receiving an extremely low calorie

> diet, I weighed 230 lbs. I'm HIV positive and a medical fact, to maintain a healthy immune system a person with HIV must have proper nutrition and proper exercise. During that time frame my T-cell count . . . fell to 275 and my viral count was very high, detectable. A normal healthy persons T-cell count is usually between 1200 and 1500.

(*Id.* at 4). Plaintiff further contends that "Maricopa County was fully aware of my medical status but denied me of [ ] the minimal civilized measure of life's necessities." (*Id.*).

Liberally construed, the undersigned finds that Plaintiff alleges facts to support that Maricopa County maintained a policy or custom that resulted in a violation of Plaintiff's constitutional rights. The undersigned also finds that Plaintiff has alleged facts to support that any constitutional injury was the result of a municipal policy or custom. The undersigned recommends that the Court require Maricopa County to answer Count One.

### B. Count Two

The proposed Second Amended Complaint does not amend Count Two of the First Amended Complaint. For the reasons stated in the Court's June 28, 2017 Order (Doc. 20 at 6-8) screening the First Amended Complaint, it is recommended that the Court order Defendant Detention Officer ("DO") B2230 to answer the retaliation claim in Count Two that is based on DO B2230's alleged issuance of a Disciplinary Report after Plaintiff submitted a grievance. In addition, for the reasons stated in the Court's prior Order (*Id.* at 8), it is recommended that the Court dismiss Count Two as to Plaintiff's allegations that DO B2230 "suggested" that Plaintiff be moved to a different pod and housed with an inmate of another race.

### C. Count Three

Count Three of the First Amended Complaint alleges a violation of Plaintiff's Fourth and Eighth Amendment rights. (Doc. 11 at 8). Count Three of the Second Amended Complaint alleges a violation of the "Fourteenth Amendment and Article 5 of the Universal Declaration of Human Rights." (Doc. 27 at 8). However, the proposed

Second Amended Complaint does not amend the supporting facts of Count Three of the First Amended Complaint.[1] For the reasons stated in the Court's prior Order (Doc. 20 at 9-10), it is recommended that the Court order Defendant DO B2584 to answer Count Three as amended.

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court order Maricopa County to answer Count One of the Second Amended Complaint.

**IT IS FURTHER RECOMMENDED** that the Court order Defendant DO B2230 to answer the retaliation claim in Count Two of the Second Amended Complaint that is based on DO B2230's alleged issuance of a Disciplinary Report after Plaintiff submitted a grievance.

**IT IS FURTHER RECOMMENDED** that the Court dismiss Count Two as to Plaintiff's allegations that DO B2230 "suggested" that Plaintiff be moved to a different pod and housed with an inmate of another race.

**IT IS FURTHER RECOMMENDED** that the Court order Defendant DO B2584 to answer Count Three of the Second Amended Complaint.

**IT IS FURTHER RECOMMENDED** that if the Court adopts this Report and Recommendation, the Court include the following language in its order:

1. The Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint, this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Maricopa County, DO B2230, and DO B2584.

2. Plaintiff shall complete and return the service packet to the Clerk of Court

---

[1] In his "Motion for Leave to File an Amended Complaint," Plaintiff states that Count III "is amended to reflect the identity and the actions of Maricopa County's Security Response Team." (Doc. 26 at 1-2). However, the supporting facts of Count III of the Second Amended Complaint are identical to the supporting facts of Count III of the First Amended Complaint and do not discuss or mention Maricopa County's Security Response Team.

within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendants within 90 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

4. The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

5. The United States Marshal shall notify Maricopa County, DO B2230, and DO B2584 of the commencement of this action and request waiver of service of the summons pursuant to Federal Rule of Civil Procedure 4(d). The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is returned as undeliverable or is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendants pursuant to Federal Rule of Civil Procedure 4(e)(2); and

(b) Within ten days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Federal Rule of Civil Procedure 4(d)(2), unless otherwise ordered by the Court.

6. **If Defendants agree to waive service of the Summons and Second Amended Complaint, Defendants must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants shall answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

## EFFECT OF RECOMMENDATION

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 2nd day of November, 2017.

_____
Eileen S. Willett
United States Magistrate Judge